**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KENJI HALEY, #M-21363** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-00473-JPG** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **RAVYN OLIN, and** | ) | |
| **ALAN MONTGOMERY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kenji Haley, an inmate currently incarcerated at Big Muddy Correctional Center ("Big Muddy"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts a claim under the Eighth Amendment against two health care providers at Big Muddy: Ravyn Olin (a nurse) and Alan Montgomery (an ophthalmologist); as well as Wexford Health Sources, Inc. ("Wexford") (a private corporation that provides health care to Illinois inmates by contract with the Illinois Department of Corrections). (Doc. 1).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

## Discussion

The Complaint states that once in 2013 the "nurse and doctor"[1] gave Plaintiff a medication that he was allergic to, despite the fact that his allergy to this drug was documented in

---

[1] Plaintiff does not identify by name the nurse or doctor, but the Court assumes he is referring to Defendants Olin (a nurse) and Montgomery (a doctor).

his medical file. (Doc. 1, p. 5).   Plaintiff asserts that Defendants "failed to notice" the note regarding his drug allergy and that their neglect amounted to a violation of his rights under the Eighth Amendment.   *Id*.   Those are the only facts Plaintiff offers in his statement of the claim. He makes no mention of Defendant Wexford, nor does he indicate what harm, if any, he suffered from taking the medication.   Plaintiff is seeking monetary damages and the termination of Defendants Olin and Montgomery for their "medical carelessness" and "unprofessional behavior." *Id*. at 6.   For the following reason, the Complaint fails to articulate an actionable constitutional claim and must be dismissed.

Prison officials violate the Eighth Amendment when they act with deliberate indifference to the serious medical needs of inmates.   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011); *Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir. 2006).   Taking a medication that one is allergic to may have serious, if not fatal, consequences. In this case, Plaintiff has not provided any information to enable the Court to assess whether the risk he faced was indeed serious.   However, the Court need not make this determination because Plaintiff also failed to allege that any of the Defendants acted with the requisite "deliberate indifference" to his health and medical needs.

To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"   *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d

586, 591 (7th Cir. 1996).  In *Snipes v. DeTella*, the Seventh Circuit discussed the distinction

between deliberate indifference and mere negligence:

> "[A]n official's failure to alleviate a significant risk that he should have perceived
> but did not, while no cause for commendation, cannot under our cases be
> condemned as the infliction of punishment [and thus falls outside the Eighth
> Amendment]."   To raise an Eighth Amendment issue, "[t]he infliction [of
> punishment] must be deliberate or otherwise reckless in the criminal law sense,
> which means that the defendant must have committed an act so dangerous that his
> knowledge of the risk can be inferred or that the defendant actually knew of an
> impending harm easily preventable." Mere negligence or even gross negligence
> does not constitute deliberate indifference.

*Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996) (citations omitted).

Nothing in the Complaint suggests that Defendants Olin and Montgomery acted

deliberately or with reckless disregard to such a degree as to raise a claim under the Eighth

Amendment.   Plaintiff has not alleged that either Defendant Olin or Montgomery *knew* that he

was allergic to the medication and administered it nonetheless.  Nor has Plaintiff alleged that this

"mistake" happened on multiple occasions (or even a single other occasion for that matter),

evidence which might suggest that Defendants acted with reckless disregard to Plaintiff's health

and safety.  Instead, Plaintiff simply asserts that because his allergy to the drug was documented

in his medical file, they *should have known*, and therefore they were deliberately indifferent

because they failed to take reasonable steps to avoid the risk.  (Doc. 1, p. 5).  Plaintiff's

allegations against Defendants Olin and Montgomery amount to nothing more than medical

negligence, at best; claims of negligence are not actionable under the Eighth Amendment and

must be dismissed.

Likewise, Plaintiff fails to allege that Defendant Wexford, the private corporation that

provides health care to Illinois inmates by contract with the Illinois Department of Corrections,

acted with deliberate indifference to his medical needs.  In fact, Plaintiff fails to even mention

Defendant Wexford in his statement of the claim.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them so that they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual or entity.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Furthermore, a medical corporation, like Defendant Wexford, can be held liable for deliberate indifference, but only if it had a policy or practice that caused the alleged violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).  There is nothing in the Complaint that would even remotely suggest that Defendant Wexford maintains a policy or practice that caused Defendants Olin and Montgomery to take the actions they did; moreover, as discussed above, Plaintiff has failed to allege that either Defendant Olin or Montgomery violated his constitutional rights.  Accordingly, the claim against Defendant Wexford must also be dismissed.

Rule 15 of the Federal Rules of Civil Procedure "ordinarily requires that leave to amend be granted at least once when there is a *potentially curable problem* with the complaint or other pleading." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (emphasis added).  Here, no amendment to the complaint could convert this claim of medical negligence into a claim of deliberate indifference without contradicting the allegations present in the original complaint, namely that Defendants were negligent.  *See Jackson v. Marion Cnty.*, 66 F.3d 151, 153-54 (7th Cir. 1995) ("Allegations in a complaint are binding admissions . . . and admissions can of course admit the admitter to the exit from the federal courthouse.").  As such, Plaintiff's Eighth

Amendment claim shall be dismissed with prejudice for failure to state a federal claim. However, the dismissal of this civil rights action shall not operate as a bar to Plaintiff bringing a claim of medical negligence in state court.

**<u>Disposition</u>**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and it is **DISMISSED** in its entirety.  Defendants **WEXFORD, OLIN,** and **MONTGOMERY** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 3 and 4) are **DENIED AS MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 27, 2015**

_s/J. Phil Gilbert_
United States District Judge