## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENJI HALEY, #M-21363** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 15-cv-00473-JPG** |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **DR. ALAN MONTGOMERY,** | ) | |
| **DR. DENNIS MONTGOMERY,** | ) | |
| **RAVYN OLIN, and** | ) | |
| **JOHN R. BALDWIN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kenji Haley, an inmate currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts medical care claims arising under the Eighth Amendment and Illinois state law. (Doc. 36).

### Merits Review Under 28 U.S.C. § 1915A

This matter is now before the Court for a preliminary review of Plaintiff's amended complaint (Doc. 36) pursuant to 28 U.S.C. § 1915A. Plaintiff's original pleading (Doc. 1) was dismissed with prejudice for failure to state a claim. Plaintiff filed a motion to reconsider the order dismissing the case (Doc. 14), which the Court granted after careful consideration. *See* Doc. 27. Plaintiff then filed an amended complaint (Doc. 36) at the direction of the Court.

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of

the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## Amended Complaint

Plaintiff's amended complaint consists of two statements of his claim and several exhibits. *See* Doc. 36. It is unclear why Plaintiff submitted two statements rather than one combined statement, but the Court presumes that the first statement is intended to address Plaintiff's constitutional claims while the second, entitled "Plaintiff State Law Tort Claim Under 28 U.S.C.A. § 1367," addresses Plaintiff's claims under Illinois state law. The Court has read both documents together as constituting Plaintiff's amended complaint. The facts relevant to the Court's threshold review follow:

On November 18, 2013, Plaintiff sought treatment for a stye on his right eyelid. (Doc. 36, p. 5). He was first seen by Defendant Olin, a nurse, who diagnosed his condition as a stye and proposed two different forms of treatment, either eye drops or antibiotics. *Id*. When Defendant Olin inquired whether Plaintiff was allergic to any medication, Plaintiff told her he was allergic to "sulfur-something." *Id*. Olin told Plaintiff that she would contact the eye doctor and get back to him. *Id*.

Later that day, Olin contacted Plaintiff and told him that the doctor had said it would be okay to give Plaintiff Bactrim, an antibiotic, instead of eye drops. *Id*. Plaintiff began taking Bactrim and within 24 hours he was exhibiting signs of an allergic reaction to the medication. Specifically, Plaintiff developed red rashes over 40% of his body; his lips became puffy, blistered, and dry; and the rash turned into lesions, which turned black and painful. *Id*.

The next day, Plaintiff requested emergency medical attention and was taken to the healthcare unit at Big Muddy.  Plaintiff was seen by Nancy Puckett, a nurse, who determined that Plaintiff was having an allergic reaction to Bactrim.  Ms. Puckett told Plaintiff that "the first thing in your medical jacket is that you are "ALLERGIC" to Bactrim."  *Id*. at 6.  According to the medical records attached to the amended complaint, Plaintiff was immediately placed on a course of Benadryl to treat his allergic reaction to Bactrim.  Doc. 36-1, p. 12.  Nonetheless, Plaintiff claims that two years later, he continues to suffer physically and mentally as a result of this incident.  Plaintiff's ailments include diarrhea, sleeplessness, and sensitivity to the sun.  *Id*. at 5.

Following the incident, Plaintiff filed a grievance against Defendants Olin and Montgomery, the ophthalmologist Plaintiff alleges Olin consulted regarding treatment for his stye.  Doc. 36-1, pp. 20-21.  In the grievance, Plaintiff sought monetary damages, a six-month suspension of Olin and Montgomery, and mandated professional training for both before they resumed employment with the Illinois Department of Corrections.  *Id*.  The grievance officer "affirmed" Plaintiff's grievance, noting that Plaintiff had received medication he was allergic to. The response to the grievance also noted that the "[s]taff member in question has been educated to ensure this does not happen again." Doc. 36-1, p. 22.

In addition to Defendant Olin, Plaintiff seeks to hold the following Defendants liable: Dennis Larson, head doctor and medical director at Big Muddy; Alan Montgomery, the ophthalmologist who consulted on Plaintiff's medical treatment; Wexford Health Sources, Inc. ("Wexford"), the private corporation that contracts with the Illinois Department of Corrections to provide medical care to Illinois inmates; and John Baldwin, director of the Illinois Department of Corrections.

## Analysis

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:       Eighth Amendment Medical Care Claim**

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).   To establish an Eighth Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005).  Moreover, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated."  *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010)).  In the present case, Plaintiff was given a medication that he had a known allergy to.  The medication, Bactrim, caused Plaintiff to

break out in a severe and uncomfortable rash over a significant portion of his body.  The staff considered his condition serious enough that he was taken immediately to the healthcare unit and provided emergency medical attention.  At this stage, these allegations meet the threshold requirement for a "serious" medical condition.  The question, then, is whether the Defendants acted with deliberate indifference.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'"  *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  To be held liable, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'"  *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Generally, an inmate's dissatisfaction with the medical care he receives in prison does not state a constitutional claim for deliberate indifference to medical needs, even if the quality of care was substandard to the point of negligence or malpractice.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).  In *Snipes v. DeTella*, the Seventh Circuit discussed the distinction between deliberate indifference and mere negligence:

> "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment [and thus falls outside the Eighth Amendment]."  To raise an Eighth Amendment issue, "[t]he infliction [of punishment] must be deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." Mere negligence or even gross negligence does not constitute deliberate indifference.  Therefore, the Eighth Amendment is not a vehicle for bringing claims of medical malpractice.

*Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996) (citations omitted).  *See also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Deliberate indifference is intentional or reckless conduct, not mere negligence."); *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) ("[N]egligence, even gross negligence does not violate the Constitution.")

In order for a prison medical professional to be held liable for deliberate indifference, his or her treatment decisions must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008).

In the present case, Plaintiff alleges that Defendants Olin (the nurse) and Montgomery (the ophthalmologist) were deliberately indifferent when they prescribed and dispensed a medication that Plaintiff had a known allergy to.  Plaintiff further alleges that Defendant Larson (doctor and medical director at Big Muddy) is liable because he approved the disbursement of the medication.  The Court remains skeptical that Plaintiff's claim rises to the level of a constitutional deprivation.  It seems more likely that Plaintiff has a claim for medical malpractice, at best, and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).  Nonetheless, the Court is also aware of *Thomas v. Pate*, a case out of the Seventh Circuit, which found that an inmate's allegation that he was administered penicillin, despite his known allergy to that drug, stated an Eighth Amendment claim.  *See Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.), *vacated sub nom. Cannon v. Thomas*, 419 U.S. 813, 95 S. Ct. 288, 42 L. Ed. 2d 39 (1974).  In addition to giving the inmate in *Thomas* a medication that he had a known allergy to, the defendants in that case also failed to treat the inmate once he had an adverse allergic reaction.  *Id*.  Therefore, this case is distinguishable.  However, out of an abundance of caution, the Court

will allow Plaintiff to proceed, for now, on his Eighth Amendment claim against Defendants

Olin, Montgomery, and Larson.

Plaintiff's Eight Amendment medical care claim against Defendant Wexford, however,

must be dismissed.  Plaintiff contends that because Defendant Wexford employs Defendants

Olin, Montgomery, and Larson, Wexford is liable for the inadequate medical care he received

from each of them.  But Wexford cannot be held liable solely on that basis.  A corporation can be

held liable for deliberate indifference only if it had a policy or practice that caused the alleged

violation of a constitutional right.  *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927

(7th Cir. 2004).  *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002)

(private corporation is treated as though it were a municipal entity in a § 1983 action).  Plaintiff

makes no allegation in relation to his Eighth Amendment claim that any individual Defendant

acted or failed to act as a result of an official policy espoused by Defendant Wexford.  Instead,

Plaintiff alleges in relation to a state law claim of "institutional negligence" that Wexford failed

to follow through on its contract with the Illinois Department of Corrections.  Whether or not

that is true, Wexford's failure in this regard would not amount to a violation of Plaintiff's

constitutional rights, unless Plaintiff claimed that a particular policy or practice promulgated or

maintained by Wexford caused the alleged constitutional violation.  Plaintiff has made no such

claim.  Therefore, the Eighth Amendment claim against Defendant Wexford shall be dismissed

without prejudice.

Likewise, the claim against Defendant Baldwin must be dismissed.  Defendant Baldwin

cannot be held personally liable for the alleged violation of Plaintiff's constitutional rights

merely because he is the director of the Illinois Department of Corrections.  "The doctrine of

*respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a

defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).  As such, the Eighth Amendment claim against Defendant Baldwin shall also be dismissed without prejudice.

**Count 2:**       **Medical Malpractice/Negligence**

Plaintiff also brings Illinois state law medical malpractice/negligence claims against all Defendants, based on the same conduct detailed above.  Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), as long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations,

and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 Ill. Comp. Stat. §5/2-622(a) (West 2013).  A separate affidavit and report shall be filed as to each defendant. *See* 735 Ill. Comp. Stat. §5/2-622(b).  Failure to file the required affidavits and reports is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000).

In the instant case, Plaintiff has failed to file the necessary affidavits and reports. Therefore, the Illinois state laws claims shall be dismissed at this time.  The dismissal, however, shall be without prejudice, and Plaintiff shall be allowed 35 days (**on or before May 25, 2016**) to file the required affidavits and/or reports.  Should Plaintiff fail to timely file the required affidavits, the dismissal of Plaintiff's Illinois state law claims shall become a dismissal **with prejudice.**  *See* FED. R. CIV. P. 41(b).

## Pending Motion

With the issuance of this order, Plaintiff's motion for status update (Doc. 37) has been addressed and, therefore, is **DENIED** as **MOOT**.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** (Eighth Amendment medical care claim) against Defendants **OLIN, MONTGOMERY,** and **LARSON**. Plaintiff's claims against Defendants **WEXFORD HEALTH SOURCES, INC.** and **BALDWIN** under **COUNT 1** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 2** (medical malpractice/negligence claim) is **DISMISSED** without prejudice.  Plaintiff shall be allowed 35 days (**on or before May 25, 2016**) to filed the required affidavits and/or reports.

The Clerk of Court shall prepare for Defendants **OLIN, MONTGOMERY,** and **LARSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 20, 2016**

<u>*s/ J. Phil Gilbert*</u>
United States District Judge