IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENJI L. HALEY, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CV-473-NJR-DGW |
| | ) |
| RAVYN OLIN, ALAN MONTGOMERY, | ) |
| and DENNIS LARSON, | ) |
| | ) |
|        Defendants. | ) |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

Plaintiff Kenji L. Haley, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). In his amended complaint, Haley alleges that he was provided medication for treatment of an eye condition to which he had a known allergy, causing him to suffer an allergic reaction. Following a screening of his amended complaint, Haley was allowed to proceed on a claim of deliberate indifference against Defendant Ravyn Olin, the nurse who allegedly dispensed the medication to which Haley was allergic, Dr. Alan Montgomery, the ophthalmologist who prescribed the medication, and Dr. Dennis Larson, the medical director at Big Muddy, for approving disbursement of the medication.

Following the screening of Haley's amended complaint, Defendants Larson and Montgomery filed motions for summary judgment arguing Haley failed to exhaust the

claims against them prior to filing his lawsuit as required by the Prison Litigation Reform Act 42 U.S.C. § 1997e, *et seq.* (*see* Docs. 67 and 70). Defendants' motions are now before the Court.

## Factual Background

The only relevant grievance before the Court is dated January 13, 2014 (*see* Doc. 68-1, pp. 3-4). In this grievance, Haley complains about his November 18, 2013 appointment with Defendant Olin. Specifically, Haley's grievance reads, in pertinent part, as follows:

> On November 18, 2013, I (Haley) was being seen by nurse/sick call because I had a stye [sic] in my right eyelid. At 1 p.m. that day, Nurse Olin identified it as a stye [sic] and said that she was going to treat me with either an eye drop or an antibiotic. I told her that I was allergic to "sulfur something but I am not sure of the chemical name." Then she stated that she needed to see the eye doctor (Dr. Larry Montgomery) to see what he recommended as treatment. At 2 p.m. that day, the nurse came back to 2 house, called for me and gave me the medication (Bactrim). She gave it and I did as I was told and took the medicine. 24-hours later, I was having an allergic reaction to the medication, I had deep red rashes on my feet, arms, neck, stomach and back … As it turned out the doctor who prescribed the medicine and the nurse who sent it to me, gave me the same medication that I was allergic to.

(Doc. 68-1, p. 3-4).

Although there was no written response from Haley's counselor, the grievance officer considered this grievance on the merits on March 2, 2014 and recommended that it be affirmed, finding that the "inmate did receive medication he was allergic to" (*see* Doc. 68-1, p. 2). The warden concurred with the grievance officer's response on March 18, 2014. Soon thereafter, Haley appealed the grievance to the Administrative Review

Board ("ARB"). The ARB received the grievance on March 25, 2014, and provided its response on the merits on August 23, 2014, with the IDOC Director's concurrence on October 1, 2014. Thereafter, on April 28, 2015, Haley filed this lawsuit.

## Legal Standards

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed district courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a plaintiff has exhausted his remedies,

the case will proceed on the merits. If, however, a plaintiff has not exhausted, the Court may either allow the inmate to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. Ill. Admin. Code tit. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO") at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id.* The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there is a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* § 504.840. If,

after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 F. App'x 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 F. App'x at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

## Discussion

Based on the evidence in the record,[1] the Court finds that Haley exhausted his administrative remedies against Defendant Dr. Montgomery prior to filing this lawsuit; however, Haley's grievance is not sufficient to establish exhaustion of his administrative remedies against Defendant Dr. Larson.

---

[1] A *Pavey* hearing was not held in this matter because there are no material facts in dispute that necessitate a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

First, the Court finds that Haley exhausted his administrative remedies for his January 13, 2014 grievance. Specifically, Haley received a response to this grievance from his grievance officer and the warden, and he appealed those decisions to the ARB. Importantly, Haley did not file this lawsuit until the ARB had responded to the appeal of this grievance, as required by § 504.850 of the Illinois Administrative Code. Although the Court finds the January 13, 2014 grievance properly exhausted the available administrative remedies, the Court must consider whether this grievance was sufficient to exhaust the claims against Defendants Dr. Larson and Dr. Montgomery.

Both Defendant Dr. Larson and Defendant Dr. Montgomery contend that Haley's January 13, 2014 grievance fails to identify or sufficiently describe them, as required by the State of Illinois to exhaust the claims against them. While the Court acknowledges that grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person who is the subject of, or who is otherwise involved in the complaint, this condition is tempered in that an offender who does not know the name of each person who is involved in the complaint may simply describe the individual with as much detail as possible, *see* ILCS § 504.810(b), in order to serve the PLRA's purpose of providing prison officials a "fair opportunity" to address the inmate's complaint prior to engaging in federal litigation. *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011). In this case, the Court finds that Haley attempted to name, and sufficiently described, Defendant Dr. Montgomery in his January 13, 2014 grievance, but failed to sufficiently identify, describe, or complain about the actions of Defendant Dr. Larson.

With regard to Defendant Dr. Montgomery, the Court finds it clear that Haley attempted to specifically name this individual, identifying him as "the eye doctor (Dr. Larry Montgomery)," and complaining that "it turned out the doctor who prescribed the medicine … gave me the same medication I was allergic to." (Doc. 68-1, p. 3-4). While the Court acknowledges that Haley failed to correctly identify the first name of Defendant Dr. Montgomery, common sense lends the Court to find that Haley's reference to the "eye doctor" by the name of "Dr. Montgomery" is certainly sufficient to meet the requirements of Section 504.810(b).

The Court finds, however, that Haley's grievance did not sufficiently name or describe Defendant Dr. Larson, or complain of the actions taken by this Defendant that are at issue in this lawsuit. In particular, there is no reference to the medical director or any complaints that the medical director approved the prescription that was dispersed to Haley for which he had a known allergy. As there was no reference to Defendant Dr. Larson, or his actions at issue in this lawsuit, Haley's January 13, 2014 grievance was insufficient to alert the prison that he was complaining about this Defendant prior to initiating this lawsuit. For these reasons, the Court finds Haley failed to exhaust his administrative remedies prior to bringing his Eighth Amendment deliberate indifference claim against Defendant Dr. Larson.

## Conclusion

For the reasons set forth above, the Motion for Summary Judgment Regarding Haley's Failure to Exhaust his Administrative Remedies filed by Defendant Dr. Dennis Larson (Doc. 67) is **GRANTED**, and the Motion for Summary Judgment filed by

Defendant Dr. Alan Montgomery (Doc. 70) is **DENIED**. Defendant Dr. Dennis Larson is **DISMISSED without prejudice**.

       **IT IS SO ORDERED.**

       DATED:   December 20, 2016

                                            */s/ Nancy J. Rosenstengel*
                                            **NANCY J. ROSENSTENGEL**
                                            **United States District Judge**