IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENJI L. HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-473-NJR-DGW |
| | ) | |
| RAVYN OLIN, ALAN MONTGOMERY, | ) | |
| and DENNIS LARSON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the following motions filed by Plaintiff, Kenji L. Haley:

1. Notice to All Parties (Motion to Confirm Filings) (Doc. 82);
2. Motion for the Appointment of Counsel (Doc. 88);
3. Motion for Reception of Documents (Doc. 89);
4. Motion to Extend Time for Amended Complaint (Doc. 108);
5. Request for the Plaintiff's Admissions be Admitted against Defendant Dennis Larson, M.D. (Doc. 109);
6. Request for the Plaintiff's Admissions be Admitted against Defendant Ravyn Olin (Doc. 110);
7. Motion to Leave to Request for More Admissions (Doc. 111);
8. Request for Docket 15-473 (Doc. 112);
9. Motion to Strike Document from the Record (Doc. 116);
10. Request for the Plaintiff's Admissions be Admitted against Defendant Dennis Larson, M.D. (Doc. 118);
11. Request for the Plaintiff's Admissions be Admitted against Defendant Ravyn Olin (Doc. 119); and
12. Request for the Plaintiff's Admissions be Admitted against Defendant Alan Montgomery, M.D. (Doc. 120).

The Court has considered Plaintiff's motions, and any responses filed thereto, and provides the following rulings, as set forth below:

**NOTICE TO ALL PARTIES (MOTION TO CONFIRM FILINGS) (DOC. 82)**

In his "Notice to All Parties", which the Court construes as a motion to confirm filings,

Plaintiff asks the Court to confirm whether it has received his responses to Defendants' motions for summary judgment (Docs. 67 and 70), as well as his statements of disputed facts. Plaintiff's Motion is **GRANTED**. Plaintiff is **ADVISED** that the documents referenced in this motion were filed on August 15, 2016 (*see* Docs. 77 and 78).

### MOTION FOR THE APPOINTMENT OF COUNSEL (DOC. 88)

This Court previously denied Plaintiff's requests for counsel finding that he had not met his initial burden in attempting to recruit counsel on his own. The Court further noted that it was not inclined to recruit counsel for Plaintiff as he appeared competent to litigate this matter on his own given his ability to read, write, and understand the English language, and communicate effectively and follow the directions of the Court (*see* Doc. 60). Plaintiff now asks the Court to reconsider its decision and appoint him counsel asserting that because this matter is complex and his ability to engage in discovery is hindered by his incarceration and limited knowledge of the law and legal resources, he will not be able to successfully litigate this matter.

First, the Court notes that Plaintiff has made sufficient efforts to recruit counsel on his own, but to no avail (*see* Docs. 99 and 124). However, Plaintiff has not offered a substantial reason for the Court to reconsider its previous ruling. The Court has again reviewed the docket in this matter and finds that Plaintiff's filings not only demonstrate his ability to read, write, and understand the English language, but Plaintiff has also evidenced his ability to respond to various filings, including motions for summary judgment, and communicate with the Court and opposing counsel, and engage in discovery. While the Court notes Plaintiff's complaints about his limited library access, such circumstances can be accommodated by seeking reasonable extensions of time to make necessary filings. Plaintiff is also advised to refer to the *pro se* handbook available from the Court to assist in litigating this matter. For the foregoing reasons, Plaintiff's Motion for

Appointment of Counsel (Doc. 88) is **DENIED**.

### MOTION FOR RECEPTION OF DOCUMENTS (DOC. 89)

In this motion, Plaintiff asks for confirmation that his motion for appointment of counsel and memorandum in support, and motion to reconsider judgment dated August 5, 2016, were filed. Plaintiff's motion is **GRANTED**. Plaintiff is **ADVISED** that due to an inadvertent error, his motion for appointment of counsel, along with his memorandum in support, and motion for reconsideration were received on August 5, 2016, but were not filed until September 2, 2016 (*see* Docs. 87 and 88). However, when filed, the motions were dated back to August 5, 2016.

### MOTION TO EXTEND TIME FOR AMENDED COMPLAINT (DOC. 108)

Plaintiff asks the Court to grant him an extension of time to amend his complaint in light of his pending appeal regarding the dismissal of Count Two, his state medical malpractice claim. Plaintiff points to Rule 6 of the Federal Rules of Civil Procedure, asserting that the Court should consider his appeal of the dismissal of Count Two as good cause to extend the October 21, 2016 deadline to seek leave to file an amended complaint. Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. The Court declines to extend the deadline for Plaintiff to move to amend his complaint based on his pending appeal; however, the Court may reconsider its decision if Plaintiff's appeal is successful.

### MOTIONS RELATED TO PLAINTIFF'S REQUESTS FOR ADMISSIONS (DOCS. 109, 110, 111, 118, 119, AND 120)

Plaintiff has filed a number of motions related to requests for admissions he either served, or seeks to be served, on Defendants. As a preliminary matter, the Court notes that pursuant to the Scheduling Order entered on June 22, 2016, the parties were instructed that any merits discovery should not be conducted until the question of whether Plaintiff exhausted his administrative

remedies within the meaning of the Prison Litigation Reform Act had been resolved (*see* Doc. 61, p. 4). Despite the Court's admonition against conducting merits discovery until the issue of exhaustion had been resolved, Plaintiff served requests for admissions on Defendants on or about August 15, 2016 (*see* Docs. 109 and 110). Defendants apparently did not respond and, on September 26, 2016, Plaintiff filed motions asking the Court to deem his requests to admit be admitted against Defendants Larson and Olin (*see* Docs. 109 and 110). Plaintiff's motions are **DENIED**. Although Defendants failed to respond within the thirty-day timeframe, merits discovery, including requests to admit, was not to occur prior to resolution of the exhaustion issue. As the Court did not enter an order regarding the issue of exhaustion on Plaintiff's claims until December 20, 2016, Plaintiff's requests were premature. Moreover, the Court granted Defendant Alan Montgomery's motion for extension of time to respond to Plaintiff's discovery requests on September 26, 2016 (*see* Doc. 106). Pursuant to that Order, Defendant Montgomery's responses to Plaintiff's merits-based discovery is not due until fourteen days after the Court ruled on the issue of exhaustion (*see id.*).

On October 11, 2016, Plaintiff filed motions asking the Court again to deem his requests to admit as admitted against Defendants Dr. Larson (Doc. 118), Olin (Doc. 119), and Dr. Montgomery (Doc. 120). In these motions, Plaintiff contends that because Defendants failed to respond to his requests to admit within fourteen days following the Pavey Hearing that was set for September 28, 2016, they should be deemed admitted pursuant to the Federal Rules of Civil Procedure. Plaintiff's Motions (Docs. 118, 119, and 120) are **DENIED**. As stated above, merits-based discovery in this matter was stayed pending resolution of the issue of exhaustion. On December 20, 2016, the Court issued its ruling on the exhaustion issue; accordingly, the Court **ORDERS** that any responses to Plaintiff's written, merits-based discovery are due by **January 20,**

**2017**. Further, Defendant Dr. Larson need not respond to any pending discovery as he was dismissed from this action.

On September 26, 2016, Plaintiff filed a motion for leave to request for more admissions (Doc. 111), asking the Court to grant him leave to serve twenty-two requests to admit on Defendants. In support of his motion, Plaintiff indicates that he cannot fully prepare for trial without leave to serve his twenty-two requests to admit. The Court has reviewed the requests Plaintiff seeks to serve and finds that they will not unduly burden Defendants. Accordingly, Plaintiff's motion (Doc. 111) is **GRANTED** and Plaintiff is hereby **GRANTED LEAVE** to serve additional requests to admit on Defendants Dr. Montgomery and Olin, provided his additional requests to admit be limited to those provided to the Court. Plaintiff is **ADVISED** that pursuant to Local Rule 26.1(b)(1), his requests for admissions must be filed with the Court.

### REQUEST FOR DOCKET 15-473 (DOC. 112)

On September 26, 2016, Plaintiff filed a motion requesting a copy of the docket in this case. While the Court is not generally inclined to provide courtesy copies of dockets in cases pending in this District, especially without a particular reason, it will provide Plaintiff a one-time courtesy copy of the docket in this matter as there were some issues with the filing of Documents 88 and 89 that occurred around the time Plaintiff filed his motion. Accordingly, Plaintiff's Request for Docket 15-473 (Doc. 112) is **GRANTED**. The Clerk of Court is **DIRECTED** to send a copy of the docket sheet in this matter to Plaintiff's most recent address on file.

### MOTION TO STRIKE DOCUMENT FROM THE RECORD (DOC. 116)

In this motion, Plaintiff seeks to strike Defendant Dr. Alan Montgomery's responses to his requests for admissions as said responses were signed by Attorney Justin C. Moore prior to Mr. Moore filing his notice of appearance on behalf of Defendant Montgomery with the Court.

Plaintiff's Motion is **DENIED**. Although all attorneys must file a written entry of appearance before addressing the Court, the documents signed by Attorney Moore and served on Plaintiff were not filed with the Court. Accordingly, Attorney Moore's actions did not violate Local Rule 83.1(f) in that Attorney Moore did not address the Court prior to filing his notice of appearance.

**IT IS SO ORDERED.**

**DATED: December 28, 2016**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**