IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENJI HALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-473-NJR-DGW |
| | ) |
| RAVYN OLIN, ALAN MONTGOMERY, | ) |
| and DENNIS LARSON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Now before the Court is the "Motion to Reconsider Judgment that Pertain to Count II of Complaint" filed by Plaintiff, Kenji L. Haley ("Haley") (Doc. 87). For the reasons set forth below, the motion is denied.

In his motion to reconsider, Haley asks the Court to reconsider its order dismissing Count II of his complaint (a medical malpractice claim) with prejudice due to his failure to provide an affidavit sufficient to meet the requirements of 735 ILL. COMP. STAT. § 5/2-622(g). Specifically, Haley asks the Court to reconsider its ruling in light of *Rusiknowski v. Village of Hillside*, a case decided in the Northern District of Illinois. In *Rusiknowski*, the Court posited that federal courts should adopt the Illinois practice of allowing plaintiffs to amend their dismissed claims to comply with § 2-622, rather than dismissing them with prejudice. 835 F. Supp. 2d 641, 652 (N.D. Ill. 2011). While the Court is mindful of Haley's argument, it finds it unavailing in these circumstances as the Court initially dismissed Haley's medical malpractice claim *without* prejudice and provided

Haley with thirty-five days to file the required affidavits and/or reports in order to revive his claim (*see* Doc. 41, p. 9). Further, Haley was warned that his failure to do so would cause the dismissal to become a dismissal with prejudice. As such, the Court's disposition of Haley's medical malpractice claim aligns with the Seventh Circuit's admonition that "a sound exercise of discretion mandates that [a plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice." *Hahn v. Walsh*, 762 F.3d 617, 634 (7th Cir. 2014). Notably, in *Hahn*, the Seventh Circuit did not opine that plaintiffs ought to be given unfettered opportunity to amend their complaints; rather, the Court stipulated plaintiffs should be given "an opportunity," which Haley was afforded here.

In his motion, Haley also cites *Cutler v. Northwest Suburban Community Hospital*, an Illinois state court case in which the Court, quoting its earlier case *Comfort v. Wheaton Family Practice*, reiterated that "[t]he technical requirements of [§ 2-622] should not interfere with the spirit or purpose of the statute. The absence of strict technical compliance with the statute is one of form only and not of substance." 939 N.E.2d 1032, 1043 (Ill. App. Ct. 2010). Haley asserts that, because he made a conscious effort to follow the formalities of § 2-622 and file an affidavit in a timely fashion, the Court should reconsider its decision to dismiss his medical malpractice claim. Again, the Court notes that Haley filed an affidavit within the timeframe set by the Court (*see* Doc. 47); however, the affidavit was not sufficient to meet the requirements set forth in § 2-622. For clarification, the Court further states that Haley's affidavit is not merely deficient in that it fails to meet the technical requirements of § 2-622, but it is also not sufficient to meet

the "spirit or purpose of the statute" in that it was written and attested to by Haley himself, not a medical professional, without the advice or upon review by a medical professional and, as such, fails to establish that Haley has a reasonable and meritorious case for his malpractice claim.

For these reasons, Haley's Motion to Reconsider (Doc. 87) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 2, 2017**

s/ Nancy J. Rosenstengel_____<br>
**NANCY J. ROSENSTENGEL**<br>
**United States District Judge**