IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENJI L. HALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-473-NJR-DGW |
| | ) |
| RAVYN OLIN and DR. ALAN MONTGOMERY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Three motions are pending before the Court: (1) Plaintiff Kenji L. Haley's Motion for Partial Summary or Summary Judgment against Defendant Ravyn Olin (Doc. 107); (2) Haley's Motion to Grant Partial Judgment or Summary Judgment against Defendant Ravyn Olin (Doc. 143); and (3) Haley's Motion to Reconsider this Court's Order granting summary judgment to Dr. Larson (Doc. 126). For the reasons set forth below, these motions are denied.

### RELEVANT BACKGROUND

Plaintiff Kenji L. Haley, an inmate in the custody of the Illinois Department of Corrections, filed this action on April 28, 2015, alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center ("Big Muddy"). (Doc. 1). In his amended complaint, Haley alleged Nurse Ravyn Olin provided Haley, at the direction of Dr. Alan Montgomery, with an antibiotic, Bactrim, to

treat a stye in his eye. (Doc. 36). Haley had an allergic reaction to Bactrim, and it came to his attention that his allergy was documented in his medical records. (Doc. 36, pp. 5-6). Haley's complaint was screened pursuant to 28 U.S.C. § 1915A, and he was allowed to proceed on a claim of deliberate indifference against Nurse Olin, Dr. Montgomery, and Dr. Larson, the Medical Director at Big Muddy. (Doc. 41, p. 9). Haley's medical malpractice claim against these Defendants was dismissed without prejudice due to his failure to comply with 735 ILL. COMP. STAT. §5/2-622(g). (Doc. 41, p. 10).[1]

The Court entered a Scheduling and Discovery Order in this matter on June 22, 2016, which directed that the parties "should not conduct discovery on the merits until the question of whether Plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved." (Doc. 61, p. 4). Motions for summary judgment on the issue of exhaustion were filed in August 2016 (Docs. 67 and 70). Before those motions had been resolved, and contrary to the Scheduling and Discovery Order, Haley filed a motion for summary judgment as to his deliberate indifference claim against Defendant Ravyn Olin. (Doc. 107). This Court entered an order on December 20, 2016, granting summary judgment in favor of Dr. Dennis Larson due to Haley's failure to exhaust administrative remedies.[2] Three days later, Haley filed a Motion to Reconsider that Order. (Doc. 126).

Haley filed a second Motion to Grant Partial Judgment or Summary Judgment on March 8, 2017. (Doc. 143). The second motion contained a duplicate copy of the original

---

[1] Dismissal of Haley's medical malpractice claim is now with prejudice. (*see* Docs. 41, 66, 137).
[2] The same Order denied Dr. Alan Montgomery's request for summary judgment, finding that Haley did exhaust administrative remedies with regard to Dr. Montgomery. (Doc. 125).

motion plus additional allegations that Defendant Olin did not properly respond to the first motion.[3] (Doc. 143). Defendant Olin timely responded to Haley's March 8, 2017 motion arguing it should be denied as Haley failed to comply with the Court's Local Rules.[4]

Pending before the Court are Haley's two motions for Summary Judgment and his Motion for Reconsideration.

### DISCUSSION

**I. SUMMARY JUDGMENT**

A court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(a). Although there is no requirement that motions for summary judgment be filed following the close of all discovery, it is apparent Haley's filing here was premature. At the time of filing no merits discovery had been conducted, and any discovery on the merits was stayed pending resolution of the issue of exhaustion of administrative remedies. (Doc. 61, p. 4). Moreover, Haley's motion fails to comport with this Court's Local Rules.

In particular, Southern District of Illinois Rule 7.1(d) prescribes that "[a]ll briefs shall contain a short, concise statement of the party's position, together with citations to

---

[3] Although Defendant Olin did not respond to Haley's initial partial motion for summary judgment (Doc. 107), the Court declines to deem this failure as an admission as to its merits given the Scheduling and Discovery Order language requiring the parties to resolve whether administrative remedies had been exhausted prior to entering into any discovery on the merits (Doc. 61, p. 4).
[4] Defendant also argues that Haley incorrectly based his motion on the standard for medical negligence rather than the standard for deliberate indifference. (Doc. 147). Because the Court is denying Haley's motions for summary judgment on procedural grounds, the Court finds it unnecessary, and therefore declines, to address the substantive argument raised by Defendant.

relevant legal authority and to the record. Allegations of fact not supported by citation may, in the Court's discretion, not be considered. S.D. Ill. R. 7.1(d). Here, Haley failed to include any citation to legal authority and, though he references exhibits in his declaration, he failed to include those exhibits when filing his motion. Indeed, Haley's only evidence is his declaration, but that document fails to address the necessary elements of deliberate indifference—the claim on which he is seeking summary judgment.[5] Accordingly, Haley's motion for partial summary judgment (Doc. 107) and motion to grant partial summary judgment (Doc. 143) will be denied for failure to comply with the Court's summary judgment procedures. *See Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (a district court can require "strict compliance" with local rules governing summary judgment). Nonetheless, the denial is **without prejudice** to allow Haley, who is proceeding *pro se*, to file a future summary judgment motion that complies with the Court's procedures. *See Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008).

## II. REQUEST FOR RECONSIDERATION

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment in order to correct manifest errors of law or fact, to address newly discovered evidence,

---

[5] Though the Court is not inclined to delve into the substance of Haley's motion due to its procedural failings, it would be remiss if it failed to address the inadequacies in Haley's declaration. First, it is not clear if Haley had personal knowledge of some statements he included. For example, Haley declares that "Defendant [Olin] contacted her superiors to confer issues of the eye injury and the course of treatment." (Doc. 107, p. 4, ¶ 7). Haley does not explain how he has such knowledge of Olin's conference with her superiors. Moreover, Haley's declaration fails to address the subjective element of the deliberate indifference standard—whether Defendant Olin was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and that the officials actually drew that inference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

or where there has been an intervening and substantial change in the controlling law since submission of the issues to the district court. Fed. R. Civ. P. 59(e); *See also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). Motions to reconsider under Rule 59(e) should only be granted in rare circumstances. *Id.* The decision whether to grant a Rule 59(e) Motion to Reconsider lies in the sound discretion of the Court. *Matter of Prince,* 85 F.3d 314, 324 (7th Cir. 1996).

On December 20, 2016, this Court entered an order granting summary judgment in favor of Dr. Larson, the medical director at Big Muddy Correctional Center, based on Haley's failure to exhaust his administrative remedies prior to bringing his Eighth Amendment deliberate indifference claim. (Doc. 125, p. 8). Haley has moved this Court to reconsider that decision. (Doc. 126).

Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). The Illinois Administrative Code requires a prisoner's grievance "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." ILL. ADMIN. CODE tit. 20, § 504.810(b) (2017). If names of individuals are unknown, the prisoner can still file the grievance but "must include as much descriptive information about the individual as possible." *Id.* Such a process is sufficient to serve the Prison Litigation Reform Act's purpose of providing prison officials a "fair opportunity" to address the inmate's

complaint prior to engaging in federal litigation. *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011).

This Court reviewed the text of Haley's administrative grievance and found no reference to Dr. Larson, the medical director in general, or any complaints the medical director improperly approved the prescription given to Haley for which he had a known allergy. (Doc. 125, p. 8). Thus, Haley's January 13, 2014 grievance was found insufficient to alert the prison he was complaining about Dr. Larson. (Doc. 125, p. 8). The Court, therefore, granted summary judgment because Haley had failed to exhaust his administrative remedies with regard to Dr. Larson prior to filing this action. (Doc. 125).

Haley's Motion to Reconsider Judgment (Doc. 126) argues that summary judgment in favor of Dr. Larson was improper because Dr. Larson "signed off on the recommendation of the medication being dispensed to the plaintiff," and thus he is "equally liable." (Doc. 126, pp. 1-2).[6] While this may be true, it does not alter the Court's finding that Haley failed to exhaust administrative remedies with regard to Dr. Larson's conduct. The fact that Dr. Larson may have signed off on the medication given to Haley does not alter the fact that Dr. Larson was not listed or described in the original grievance, and that nothing in the original grievance referred to anyone improperly authorizing the medication. Haley's grievance failed to provide prison officials with an opportunity to address his complaint against Dr. Larson, and therefore Haley failed to exhaust administrative remedies. As a result, none of the evidence presented in Haley's

---

[6] Hardy makes additional factual allegations which are all introduced to support his claim that Hardy improperly signed off on the medication he was given.

Motion for Reconsideration provides this Court with newly discovered evidence or a basis for concluding a manifest error of fact occurred in the Court's original Order.[7]

CONCLUSION

For the reasons set forth above, Plaintiff Kenji L. Haley's Motion for Partial Summary or Summary Judgment against Defendant Ravyn Olin (Doc. 107) and his Motion to Grant Partial Judgment or Summary Judgment against Defendant Ravyn Olin (Doc. 143) are **DENIED without prejudice**. Further, Haley's Motion to Reconsider (Doc. 126) is **DENIED.** Haley is **GRANTED LEAVE** to refile a motion for summary judgment, provided it complies with the Court's Local Rules as well as the Federal Rules of Civil Procedure. Haley is **ADVISED** that the deadline for filing dispositive motions is **September 22, 2017**.

IT IS SO ORDERED.

DATED: August 28, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[7] Haley appears to be raising a purely factual argument. The Court notes that he points to no case law to suggest the Court's finding was erroneous as a matter of law or that there has been a substantial change in controlling law since the Court's Order. As a result, there is no basis for finding an error of law.