IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENJI HALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-473-NJR-DGW |
| | ) |
| RAVYN OLIN, | ) |
| ALAN MONTGOMERY, M.D., and | ) |
| DENNIS LARSON, M.D., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a motion titled "Motion to Reconsider Summary Judgment in Favor of Dr. Larson and to Dismiss Dr. Montgomery" filed by Plaintiff Kenji L. Haley ("Haley") (Doc. 223 and 224). Defendants Alan Montgomery and Ravyn Olin have filed responses to Haley's motion (Docs. 225 and 228). On September 14, 2018, Haley filed a reply brief (Doc. 230). For the reasons set forth below, the Court grants Haley's motion.

### Relevant Background

Haley, an inmate in the custody of the Illinois Department of Corrections, filed this action on April 28, 2015, alleging his constitutional rights were violated while he was incarcerated at Big Muddy River Correctional Center (Doc. 1). In his amended complaint, Haley alleged that Nurse Olin provided Haley, at the direction of Dr. Montgomery, with an antibiotic to treat a sty in his eye (Doc. 41). Haley had an allergic

reaction to the antibiotic, and this allergy was documented in his medical records (Doc. 41, p. 3).

Following a screening of the amended complaint, Haley was allowed to proceed on a deliberate indifference claim against Nurse Olin, Dr. Montgomery, and Dr. Larson, the Medical Director at Big Muddy River Correctional Center (Doc. 41, p. 9). In August 2016, Dr. Larson filed a motion for summary judgment for failure to exhaust administrative remedies (Doc. 67).

In a grievance dated January 13, 2014, Haley complained that "the doctor who prescribed the medicine" gave Haley medicine to which he was allergic (Doc. 68-1, p. 3-4). Defendant Larson argued that the grievance failed to identify or sufficiently describe him. The undersigned ultimately determined that the grievance "did not sufficiently name or describe Defendant Dr. Larson, or complain of the actions taken by this Defendant that are at issue in this lawsuit" (Doc. 125, p. 8). Specifically, Haley was proceeding under the allegation that Dr. Montgomery prescribed the medication, and that Dr. Larson "approved" the prescription that was dispersed to Haley. As there was no reference to Dr. Larson, or his approval of the prescription, the Court dismissed Dr. Larson from the lawsuit on the basis that Haley's grievance did not sufficiently name or describe Dr. Larson or complain of any action taken by him (Doc. 125, p. 7).

On February 22, 2018, the Court recruited counsel on behalf of Haley. On May 18, 2017, counsel took the deposition of Nurse Olin. Nurse Olin explained that *Dr. Larson* prescribed the medication to Haley (not Dr. Montgomery) (Doc. 224-3, p. 11). On July 5, 2018, counsel took the deposition of Dr. Larson, and he confirmed that he prescribed the

medication to Haley, noting that "eye sties fall within the realm of my practice." (Doc. 224-4, p. 13).

In light of this new information, Haley filed the instant motion (Doc. 224).

**LEGAL STANDARD**

Although Haley fails to cite a specific rule that serves as the basis for his motion, the Court finds that Federal Rule of Civil Procedure 54(b) controls. Rule 54(b) allows a court to exercise its inherent authority to reconsider nonfinal orders. *See Civix-DDI, LLC v. Hotels.com, LP*, 904 F. Supp. 2d 864, 866 (N.D. Ill. 2012) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge.")). Final judgment in this case has not yet been entered. Thus, although the order granting Defendant Larson's motion for summary judgment dismissed him from the case, that order remains interlocutory until final judgment has been entered as to all claims and parties in this case. *See* FED. R. CIV. P. 54(b) (Non-final orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see also Dobbey v. Carter*, No. 12-cv-9223, 2017 WL 2573210, at *4 (N.D. Ill. June 14. 2017) (applying Rule 54(b) to a motion for reconsideration of the dismissal of one defendant).

A motion to reconsider is proper where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185,

1191 (7th Cir. 1990). The Court has the inherent power to reconsider non-final orders, as justice requires. *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995) ("[A] motion to reconsider an interlocutory order may be entertained and granted as justice requires"). A motion to reconsider "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "Disposition of a motion for reconsideration is entrusted to the district court's discretion." *Hamzah v. Woodman's Food Market, Inc.*, No. 13-cv-491-wmc, 2016 WL 3248608, at *2 (W.D. Wisc. Jun. 13, 2016) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

## DISCUSSION

Haley explains that this evidence regarding who prescribed him the medication was unavailable to him until depositions were taken by recruited counsel (Doc. 224, p. 7). Thus, Haley asks the Court to reconsider the grant of summary judgment to Dr. Larson, to dismiss Dr. Montgomery, and to reinstate Dr. Larson as a defendant. Nurse Olin and Dr. Montgomery have filed responses to the motion, stressing that Haley was in the possession of medical records that indicate that Dr. Larson was the prescribing doctor.

Specifically, the medical record dated November 18, 2013 states "V.O. Dr. Larson Septra DS" (Doc. 225-1, p. 4). Haley explains that he was unaware of what "V.O." meant in his medical records. Because Haley was told by Nurse Olin that she needed to speak with the eye doctor prior to giving Haley a prescription, and Haley knew that Dr.

Montgomery was the eye doctor, Haley assumed that Dr. Montgomery prescribed the medication. Haley also assumed that Dr. Larson approved disbursement of the medication, because he was the medical director of Big Muddy River Correctional Center. This mistake of fact was never corrected by any of the parties until Haley's counsel took Nurse Olin's and Dr. Larson's depositions in May and July of 2018.

Although the Court hates to delay this 2015 case any further, it finds that this new fact warrants reconsideration of the summary judgment order and reinstatement of Dr. Larson as a defendant. The Court previously found that Haley failed to exhaust against Dr. Larson because he was not identified or sufficiently described in the grievance (Doc. 125, p. 8). Considering this new information, however, it turns out that Dr. Larson *was* described in Haley's grievance. Haley complained of actions taken by "the doctor who prescribed the medicine," who everyone now knows and understands to be Dr. Larson (Doc. 224-4, p. 13). The Court finds that the grievance sufficiently described Dr. Larson and complained of his actions such to put Dr. Larson on notice of the claims against him. Additionally, the Court attributes no fault to Haley for not discovering this fact sooner.[1] Thus, the Court grants Haley's motion to the extent that it requests reconsideration of the summary judgment order and reinstatement of Dr. Larson as a defendant.

Haley also moves to voluntarily dismiss Dr. Montgomery from this case. In response, Dr. Montgomery urges the Court to dismiss him with prejudice in light of the

---

[1] The Court does not find Haley's (or any lay person's) lack of knowledge regarding the meaning of "V.O." to be unreasonable. Nor does the Court find unreasonable Haley's belief that Dr. Larson would have "approved" the prescription as the medical director. What the Court finds unreasonable is the fact that Dr. Larson and defense counsel previously argued to the Court that Dr. Larson was not referenced in the grievance when in fact he *was* referenced in the grievance (and presumably *knew* that he was referenced in the grievance).

fact that there is no basis for a claim against him (Doc. 225). Dr. Montgomery also has filed a motion for summary judgment, which remains pending (Doc. 216). Under Federal Rule of Civil Procedure 41(a)(2), a plaintiff may request dismissal of an action and the Court may dismiss on terms that it deems proper. Haley does not specifically object to Dr. Montgomery's request for a with prejudice dismissal (*See* Doc. 230). Accordingly, the Court dismisses Dr. Montgomery from the case with prejudice.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Haley's Motion to Reconsider Summary Judgment in Favor of Dr. Larson and to Dismiss Dr. Montgomery (Doc. 223). In light of the new facts before the Court, the Court **VACATES** the original Order dated December 20, 2016 (Doc. 125) and **DENIES** the Motion for Summary Judgment filed by Defendant Dennis Larson (Doc. 67). Dennis Larson is **REINSTATED** as a defendant. Defendant Alan Montgomery is **DISMISSED with prejudice** pursuant to Rule 41(a)(2). In light of the foregoing, the pending Motion for Summary Judgment filed by Defendant Alan Montgomery (Doc. 216) is **DENIED as moot**.

IT IS SO ORDERED.

DATED:   October 22, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**