IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENJI L. HALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-473-NJR-DGW |
| | ) |
| RAVYN OLIN and DENNIS LARSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 240), which recommends that the Motion for Summary Judgment filed by Defendant Ravyn Olin be denied. The Report and Recommendation was entered on October 22, 2018 (Doc. 237). Defendant Olin filed a timely objection to the Report and Recommendation on November 2, 2018 (Doc. 240).

### BACKGROUND

Haley, an inmate of the Illinois Department of Corrections, was incarcerated at Big Muddy River Correctional Center at the time he initiated this action. Haley alleges that he was provided medication for treatment of an eye condition to which he had a known allergy, causing him to suffer an allergic reaction. Haley proceeds on a claim of deliberate indifference against Defendant Olin, the nurse who allegedly dispensed the medication to which Haley was allergic, and Defendant Dr. Dennis Larson, the doctor who

prescribed the medication.[1]

On August 3, 2018, Defendant Olin filed a Motion for Summary Judgment arguing that there is no evidence demonstrating that she was deliberately indifferent to Haley's needs when she dispensed the medication to Haley. On October 22, 2018, Magistrate Judge Wilkerson issued a Report and Recommendation, recommending that the Court deny Defendant Olin's Motion for Summary Judgment (Doc. 237).

## THE REPORT AND RECOMMENDATION

Magistrate Judge Wilkerson recommends denying Defendant Olin's Motion for Summary Judgment because issues of fact exist regarding whether Defendant Olin was deliberately indifferent to Haley's allergy to Bactrim.[2] He points out that the parties disagree as to what information Defendant Olin had prior to administering the Bactrim to Haley. Haley states that he told Defendant Olin he was allergic to "sulfur-something," but was unaware of the exact brand or name of the drug to which he was allergic. Defendant Olin claims Haley only told her he had an allergy to Keflex, which she

---

[1] Previously, the Court granted summary judgment based on failure to exhaust administrative remedies as to Defendant Larson because Haley was operating under the incorrect assumption that Defendant Larson, as the medical director at Big Muddy River Correctional Center, merely approved disbursement of the medication. Haley originally thought it was Dr. Alan Montgomery, the ophthalmologist at Big Muddy River Correctional Center, who prescribed the medication. It was not until after the Court recruited counsel on Haley's behalf and counsel deposed the defendants that it became clear that Dr. Larson was the individual who prescribed the medication to Haley. Thus, the Court vacated its original summary judgment order and reinstated Dr. Larson as a defendant (Doc. 239). The Court also granted Haley's motion to voluntarily dismiss Defendant Montgomery from the case and dismissed him with prejudice on October 22, 2018 (*Id*.).

[2] Magistrate Judge Wilkerson refers to Bactrim throughout his Report and Recommendation, while the briefing often mentions Septra DS. A clarification on this point is necessary. Septra DS was the drug that was actually prescribed to Haley (*see* Doc. 219-3, p. 1), but Bactrim was the drug dispensed to Haley (Doc. 219-3, p. 2). Bactrim and Septra DS are the same medication (*see* Doc. 219-1, p. 12).

documented in the medical records. Magistrate Judge Wilkerson found that this creates a material issue of fact. Further, Magistrate Judge Wilkerson points out that Haley's medical records document Bactrim as an allergy at least eight times.

## DISCUSSION

Defendant Olin filed a timely objection to the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

First, Defendant Olin objects to Magistrate Judge Wilkerson's conclusion that there is a material issue of fact in that the parties disagree as to what information Defendant Olin had prior to administering Bactrim. Defendant Olin argues that, although Haley's Complaint and deposition testimony indicate that he told Defendant Olin he was allergic to "sulfur-something," this allegation does not create an issue of fact because it is not

supported by any record, documentation, or any other evidence.

In support of this contention, Defendant Olin cites to *Patrick Meyer v. Wexford Health Sources*, No. 3:16-CV-00173-JPG-DGW, 2018 WL 5622641, at *3 (S.D. Ill. Oct. 30, 2018). *Meyer*, however, involved a claim of deliberate indifference for failing to send the plaintiff for a neurosurgical follow-up appointment at an outside hospital. The plaintiff in that case stated at his deposition that he told a doctor and a nurse several times that he was experiencing pain and/or needed a follow-up appointment, but he did not provide any names, dates, or clues as to whom the individuals were that he spoke to. The Court concluded that "all [the plaintiff] has entered into the record are metaphysical doubts as to whether he ever made these statements, and without even a single identifiable name to go by, no reasonable jury could find for [the plaintiff] on these grounds." *Meyer*, 2018 WL 5622641, at *4. Here, Haley's statement is more than a metaphysical doubt. As Defendant Olin concedes, Haley testified at his deposition that he specifically told Defendant Olin that he was allergic to "sulfur-something."[3] (*See* Doc. 240, p. 2). Additionally, Magistrate Judge Wilkerson pointed out the fact that Haley's medical records document Bactrim (which is the same thing as Septra DS) as an allergy at least eight times (Doc. 228-1 through 228-9). In light of these facts, the Court finds that a reasonable jury could decide that Defendant Olin was aware of Haley's allergy and deliberately indifferent to it when she dispensed the Bactrim.

---

[3] For context surrounding this statement, Dr. Alan Montgomery explained at his deposition that Septra DS is in the "sulfa" category (Doc. 219-2, p. 16). This is something a doctor would consider in determining what drug to prescribe based on a patient's allergies (*Id*.).

<u>CONCLUSION</u>

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 237), **OVERRULES** Defendant Olin's Objection (Doc. 240), and **DENIES** the Motion for Summary Judgment filed by Defendant Olin (Doc. 218).

**IT IS SO ORDERED.**

**DATED:** November 15, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**