IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENJI L. HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-473-NJR-GCS |
| | ) | |
| RAVYN OLIN and | ) | |
| DENNIS LARSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a Report and Recommendation of United States Magistrate Judge Gilbert C. Sison (Doc. 256), which recommends that the Motion for Summary Judgment filed by Defendant Dennis Larson be denied. The Report and Recommendation was entered on February 15, 2019 (Doc. 256). On March 4, 2019, Defendant Larson filed a timely objection to the Report and Recommendation (Doc. 257).

### BACKGROUND

Haley, an inmate of the Illinois Department of Corrections, was incarcerated at Big Muddy River Correctional Center at the time he filed this action. Haley alleges that he was provided medication for treatment of an eye condition to which he had a known allergy, causing him to suffer an allergic reaction. Haley proceeds on a claim of deliberate indifference against Defendant Olin, the nurse who allegedly dispensed the medication to which Haley was allergic, and Defendant Larson, the doctor who prescribed the medication.[1]

---

[1] Previously, the Court granted summary judgment based on failure to exhaust administrative remedies as to

Defendant Olin, the nurse who communicated with Defendant Larson regarding Haley's medical needs, filed a Motion for Summary Judgment on August 3, 2018 (Doc. 218). On November 15, 2018, the Court adopted Magistrate Judge Wilkerson's Report and Recommendation (Doc. 237) and denied Defendant Olin's Motion for Summary Judgment, finding that a reasonable jury could decide that Defendant Olin was aware of Haley's allergy and was deliberately indifferent to it when she dispensed the Bactrim.

On November 30, 2018, Defendant Larson filed a Motion for Summary Judgment arguing that there is no evidence demonstrating that he was deliberately indifferent to Haley's needs when he prescribed the medication to Haley (Doc. 251). On February 15, 2019, Magistrate Judge Sison issued a Report and Recommendation, recommending that the Court deny Defendant Larson's Motion for Summary Judgment (Doc. 256).

### THE REPORT AND RECOMMENDATION

Judge Sison recommends denying Defendant Larson's Motion for Summary Judgment because issues of fact exist regarding whether Defendant Larson was deliberately indifferent to Haley's allergy to Bactrim.[2] Judge Sison points to the parties' disagreement as to what information Defendant Larson had prior to prescribing the Bactrim to Haley. Haley states that he told the nurse, Defendant Olin, he was allergic to "sulfur-something," but he

---

Defendant Larson because Haley was operating under the incorrect assumption that Defendant Larson, as the medical director at Big Muddy River Correctional Center, merely approved disbursement of the medication. Haley originally thought it was Dr. Alan Montgomery, the ophthalmologist at Big Muddy River Correctional Center, who prescribed the medication. It was not until after the Court recruited counsel on Haley's behalf and counsel deposed the defendants that it became clear that Dr. Larson was the individual who prescribed the medication to Haley. Thus, the Court vacated its original summary judgment order and reinstated Dr. Larson as a defendant (Doc. 239). The Court also granted Haley's motion to voluntarily dismiss Defendant Montgomery from the case and dismissed him with prejudice on October 22, 2018 (*Id.*).

[2] Septra DS was the drug that was prescribed to Haley (*see* Doc. 219-3, p. 1), but Bactrim was the drug dispensed to Haley (Doc. 219-3, p. 2). Bactrim and Septra DS are the same medication.

was unaware of the exact brand or name of the drug to which he was allergic.[3] Defendant Larson alleges Haley only told Defendant Olin of an allergy to Keflex[4], which was documented in her note in the medical records. Judge Sison found that this conflict creates a material issue of fact.

Further, Judge Sison found that there is evidence upon which a reasonable jury could determine that Defendant Larson was deliberately indifferent by not examining Haley's medical charts. Judge Sison points to the evidence of Haley's medical records which document his Bactrim allergy at least eight times, and Defendant Larson's testimony that he reviews a patient's medical history before providing medicine and acknowledges a responsibility to do so.

## DISCUSSION

Defendant Larson filed a timely objection to the Report and Recommendation. When timely objections are filed, the Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.

---

[3] Dr. Alan Montgomery explained at his deposition that Septra DS is in the "sulfa" category (Doc. 219-2, p. 16). This is something a doctor would consider in determining what drug to prescribe based on a patient's allergies (*Id.*).

[4]   Keflex is not a sulfa drug. *See* John P. Cunha, *Bactrim vs. Keflex*, RxList, https://www.rxlist.com/bactrim_vs_keflex/drugs-condition.htm (last visited Apr. 18, 2019).

Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper,* 824 F. Supp. at 788.

First, Defendant Larson objects to Judge Sison's conclusion that there is a material issue of fact regarding whether Haley told Defendants that he has an allergy to sulfa-drugs. Although Defendant Larson concedes that Haley's Complaint and deposition testimony indicate that Haley told Defendant Olin he was allergic to "sulfur-something," Defendant Larson argues that this does not create a genuine issue of material fact because the testimony is "not supported by any record, documentation, or any other evidence" (Doc. 257, p. 2).

The Seventh Circuit has held that "[w]here the moving party's version of material facts is supported solely by self-serving assertions, self-serving assertions to the contrary by the nonmoving party may be sufficient to create a credibility dispute which is best resolved at trial." *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 365 (7th Cir. 2000). Thus, the lack of other evidentiary support for Haley's testimony does not necessarily prevent Haley's testimony from creating an issue of material fact.

Second, Defendant Larson argues that, even if there is a factual dispute regarding what Haley told Defendant Olin, it is not a genuine issue of material fact for the claim against Defendant Larson. In support of this contention, Defendant Larson cites to *Williams v. Guzman*, where the Seventh Circuit affirmed summary judgment because the plaintiff inmate offered no evidence that the defendant doctors *knew* about a nurse's note and deliberately disregarded it. *Williams v. Guzman*, 346 F. App'x 102, 105 (7th Cir. 2009).

This Court agrees with Defendant Larson that the factual issue of what Haley told Defendant Olin is not material to the claim against Defendant Larson. Even if there is evidence that Defendant Olin knew of the allergy, there needs to be further evidence that Defendant Larson had actual knowledge of Haley's allergy to Bactrim. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[i]t is not enough to show, for instance, that a doctor should have known that surgery was necessary; rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent").

But the Court disagrees with Defendant Larson's assertion that there is no evidence that could lead a jury to find such actual knowledge. The testimony of Defendant Larson, combined with Haley's medical records, could support a finding that Defendant Larson had knowledge of Haley's allergy. Haley's medical records document Bactrim (which is the same thing as Septra DS) as an allergy at least eight times (Doc. 228-1 through 228-9). In his testimony, Defendant Larson stated that he does not recall the details of prescribing Haley medication for his eye sty, but he said that prior to providing medicine to a patient, he "review[s] the patient's medical history to the best that [he] can involving all the details of their medical history as [he] know[s] them or as [he] can find them," (Doc. 253-2, p. 35). He explained that there is a cover sheet in a patient's medical jacket that has a place for allergies, and other sheets, such as pharmacy sheets and medical sheets, list patient allergies as well (Doc. 253-2, p. 26-27). Defendant Larson also admitted that it is his standard practice to check for drug allergies before prescribing medication (Doc. 253-2, p. 46).

In light of these facts, the Court finds that a reasonable jury could find that Defendant

Larson was aware of Haley's allergy and was deliberately indifferent to it when he prescribed Bactrim. Thus, summary judgment is not appropriate.

C<span style="font-variant:small-caps">ONCLUSION</span>

For these reasons, the Court **ADOPTS** Magistrate Judge Sison's Report and Recommendation (Doc. 256), **OVERRULES** Defendant Larson's Objection (Doc. 257), and **DENIES** the Motion for Summary Judgment filed by Defendant Larson (Doc. 251). Trial remains set on **May 7, 2019**. A settlement conference is scheduled to take place before the undersigned at 9 a.m. on **April 24, 2019**.

**IT IS SO ORDERED.**

**DATED:  April 19, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**